IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD NATHANIEL STEWART             *
    Petitioner,
v.                                   *     CIVIL ACTION NO. WDQ-14-3070
                                           CRIMINAL NO. WDQ-04-376
UNITED STATES OF AMERICA             *
    Respondent.
                                    ***

MEMORANDUM

On June 16, 2005, Ronald Nathaniel Stewart ("Stewart") was sentenced to a cumulative 210-month term of imprisonment on counts of bank robbery and use of a firearm in violation of 18 U.S.C. §§ 2113(d) and 924(c). Judgment was entered on June 17, 2005. *See United States v. Stewart*, Criminal No. WDQ-04-376 (D. Md.) at ECF No. 36. No appeal was filed.

On March 26, 2012, Stewart filed his first motion to vacate under 28 U.S.C. § 2255. *See United States v. Stewart*, Criminal No. WDQ-04-376 at ECF No. 46. The motion was fully briefed and dismissed as untimely on November 27, 2012. *Id.* at ECF Nos. 57 & 58. The Fourth Circuit dismissed the appeal and denied a certificate of appealability on September 27, 2013. *See United States v. Stewart*, 540 Fed. Appx. 171 (4th Cir. 2013).

On November 22, 2013, the court received for filing Stewart's second motion to vacate. *See United States v. Stewart*, Criminal No. WDQ-04-376 (D. Md.) at ECF No. 74. He raised a claim under *Descamps v. United States*, 133 S.Ct. 2276 (2013),[1] which he argued "narrowed the

---

[1] *See Descamps v. United States*, — U.S. —, 133 S.Ct. 2276 (June 20, 2013) (clarifying the test for determining whether a prior conviction constitutes a violent felony under the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(2)(B)(ii). Federal sentencing courts may no longer apply a "modified categorical approach" to determine whether prior offense was a violent felony when the crime has a single, indivisible set of elements). The Supreme Court has not, however, declared *Descamps* retroactive on collateral review and this court knows of no circuit which has found it retroactive. *See United States v. Montes*, No. 14–2015, 2014 WL 3032185, at *1 (10th Cir. July 7, 2014) (unpublished) (holding that *Descamps* is not retroactively applicable to cases on collateral review); *Whittaker v. Chandler*, No. 13–11280, 2014 WL 2940449, at *1 (5th Cir. July 1, 2014) (per curiam) (unpublished) (same); *Glover v. Fox*, 550 F. Appx. 592, 594–95 (10th Cir. 2013) (unpublished) (same); *see also In re Mazzio*, 756 F.3d 487, 488, 2014

interpretation of burglary as a violent felony" under 18 U.S.C. § 924(e). As the dismissal of Stewart's first § 2255 motion constituted an adjudication of that motion on the merits, *see Villanueva v. United States*, 346 F. 3d 55, 61 (2d Cir. 2003), the newly filed motion was dismissed as a successive § 2255 challenge to Stewart's convictions on December 3, 2014. *See United States v. Stewart*, Criminal No. WDQ-04-376 (D. Md.) at ECF Nos. 75 & 76. The Court could not consider Stewart's claim absent leave to do so from the Fourth Circuit. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). On April 17, 2014, Stewart filed a motion with the Fourth Circuit under § 2244, seeking permission to file his *Descamps* claim in a successive § 2255 application. *See In re: Ronald N. Stewart*, CA No. 14-204 (4th Cir. 2014). On May 20, 2014, the Fourth Circuit denied authorization for Stewart to file a second motion. *See United States v. Stewart*, Criminal No. WDQ-04-376 (D. Md.) at ECF No. 79.

Nonetheless, on September 29, 2014, Stewart filed a successive motion renewing his *Descamps* claim. *See United States v. Stewart*, Criminal No. WDQ-04-376 (D. Md.) at ECF No. 80. As there is no showing Stewart has received certification from the Fourth Circuit to file his motion, this court may not consider the merits of his claim. The motion shall be dismissed without prejudice.

Stewart has no absolute entitlement to appeal the denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). Stewart "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

---

WL 2853722, at *2–3 (6th Cir. June 24, 2014) (same); *United States v. Winkleman*, 746 F.3d 134, 136 (3d Cir. 2014) (same); *United States v. Harris*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014) (same); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam) (same); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (per curiam) (same); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam) (same); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (same).

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). The Court declines to issue a certificate of appealability because Stewart has not made the requisite showing. A separate Order follows dismissing this motion, declining to issue a certificate of appealability, and closing the civil case.

Date: October 9, 2014

_____
William D. Quarles, Jr.
United States District Judge